14-1645
*United States of America v. Emmanuel Blanco Balbuena*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of June, two thousand fifteen.

PRESENT:  RICHARD C. WESLEY,
　　　　　PETER W. HALL,
　　　　　RAYMOND J. LOHIER, JR.,
　　　　　　　*Circuit Judges.*

――――――――――――――――――――――――――

UNITED STATES OF AMERICA,

　　　　　　　*Appellee,*

　　-v.-　　　　　　　　　　　No. 14-1645

EMMANUEL BLANCO BALBUENA,

　　　　　　　*Defendant-Appellant.**

――――――――――――――――――――――――――

---

* The Clerk of the Court is directed to amend the caption as above.

For Appellee:                          Sarah P. Karwan, Assistant United States Attorney (Sandra S. Glover, Assistant United States Attorney, *on the brief*), *for* Deirdre M. Daly, United States Attorney for the District of Connecticut, New Haven, CT.

For Defendant-Appellant:               Brendan White, White & White, New York, NY.

Appeal from the United States District Court for the District of Connecticut (Arterton, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment is **AFFIRMED**.

Defendant-Appellant Emmanuel Blanco Balbuena was charged with conspiracy to possess with intent to distribute 100 grams or more of heroin, in violation of 21 U.S.C. §§ 841(b)(1)(B) and 846.  On January 6, 2014, Balbuena pleaded guilty to the lesser-included offense of conspiracy to possess with the intent to distribute heroin, in violation of 21 U.S.C. §§ 841(b)(1)(C) and 846.  Balbuena was sentenced on April 23, 2014, to thirty months' imprisonment, to be followed by thirty-six months of supervised release.  On appeal, Balbuena argues that the district court erred in concluding that he was not entitled to a minor role reduction under U.S.S.G. § 3B1.2(b).

Though we generally review a sentence for procedural and substantive reasonableness under an abuse of discretion standard, *see United States v. Cavera*, 550 F.3d 180, 189–90 (2d Cir. 2008) (en banc), with regard to role adjustments, "[t]his Circuit has not always been consistent in describing the standard of review," *United States v. Gotti*, 459 F.3d 296, 349 (2d Cir. 2006). "In determining the appropriate standard of review for a district court's application of the Guidelines to the specific facts of a case, this Court follows an either/or approach, adopting a de novo standard of review when the district court's application determination was primarily legal in nature, and adopting a clear error approach when the determination was primarily factual." *United States v. Hsu*, 669 F.3d 112, 120 (2d Cir. 2012) (internal quotation marks and brackets omitted).

In this case, the clear error standard is appropriate because the district court's application of U.S.S.G. § 3B1.2 was primarily factual, rather than legal. Indeed, Balbuena himself concedes that the standard of review should be clear error. "A finding of fact is clearly erroneous only if the appellate court is left with the definite and firm conviction that a mistake has been committed." *United States v. Yu*, 285 F.3d 192, 199 (2d Cir. 2002) (internal quotation marks omitted). We do not believe that the district court committed clear error here. The district

court properly determined that Balbuena purchased distribution-level quantities of heroin, some of which he resold to at least one customer. Thus, even though Balbuena played a lesser drug trafficking role than some of his coconspirators, the district court did not clearly err in concluding that he was not entitled to a role reduction under U.S.S.G. § 3B1.2(b).

We have considered all of Balbuena's arguments and find them to be without merit. For the reasons stated above, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk